# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANIL PUROHIT,
   Appellant,

  v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,
   Agency.

DOCKET NUMBER
CB-7121-21-0002-V-1

DATE: January 31, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robyn Mabry</u>, Esquire, and <u>Timothy B. Hannapel</u>, Esquire,
 Washington, D.C., for the appellant.

<u>Keian Weld</u>, Esquire, and <u>Susan M. Andorfer</u>, Esquire, Washington, D.C.,
 for the agency.

## BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a request for review under 5 U.S.C. § 7121(d) of an arbitrator's decision that sustained his removal. For the reasons discussed below, we DENY the request for review and AFFIRM the arbitrator's decision.

**BACKGROUND**

Prior to the action at issue, the appellant was a GS-13 Public Health Analyst (Project Officer) who had worked for the agency's Health Resources and Services Administration for approximately 3 years. In February 2012, he was diagnosed with kidney failure, which required that he undergo periodic dialysis. Request for Review (RFR) File, Tab 1, Hearing Transcript (HT) at 565, 569, 649 (testimony of the appellant). The agency granted the appellant's request for reasonable accommodation, allowing him to telework full-time from Boston, Massachusetts, where he resided, rather than reporting to his duty station in Rockville, Maryland, and not requiring him to travel, which was part of his official duties. *Id.* at 356 (testimony of Acting Branch Director). The agreement was to be considered for renewal after 6 months, and the agency twice renewed it at the appellant's request, through August 2013. He was then notified that the agreement would not be further extended, but the agency did grant the appellant's request for intermittent leave without pay under the Family and Medical Leave Act through June 11, 2014 (480 hours, his full entitlement for a 12-month period). Meanwhile, on February 25, 2014, the agency directed the appellant to report for duty in Rockville, Maryland, on April 14, 2014, and indicated that his failure to do so would result in his being charged absent without leave (AWOL). The appellant did not report for duty.

On August 29, 2014, the agency proposed the appellant's removal based on three charges: (1) AWOL from June 11 to August 28, 2014 (444 hours); (2) failing to follow leave-requesting procedures on April 7-8, 14-15, and 17, 2014 (not reporting for duty and failing to receive supervisory approval for the

absence); and (3) failing to take required Project Officer training (failing to take or complete any of the training which would have met the requirements of the Project Officer Certification Program by the April 30, 2014 deadline). RFR File, Tab 1 at 197. On November 6, 2014, the deciding official found all the charges sustained, warranting the appellant's removal, effective November 14, 2014.[2] *Id.* at 205.

The appellant's union filed a grievance challenging the agency's action under the applicable collective bargaining agreement. The arbitrator identified the issue as whether the agency violated the Civil Service Reform Act when it removed the appellant, and, if so, what was the appropriate remedy. RFR File, Tab 1 at 21. The arbitrator held a 3-day hearing on April 14, August 3, and August 4, 2017, *id.* at 211-387, 405-537, 551-745, after which he issued a decision. *Id.* at 18. The arbitrator found that the agency proved all three charges, *id.* at 31, 35-37, that the removal decision promoted the efficiency of the service, and that the action fell well within the agency's exercise of reasonable discretion. *Id.* at 38-39. Concluding that the agency did not violate the Civil Service Reform Act or the Rehabilitation Act when it removed the appellant, the arbitrator denied the grievance in its entirety. *Id.* at 40.

The appellant has filed a request for review of "portions" of the arbitrator's decision. *Id.* at 7. Specifically, the appellant argues that the arbitrator erred in finding that he did not establish his claim of disability discrimination based on the agency's failure to provide him with reasonable accommodation. *Id.* at 8-9, 12-16. The agency has responded in opposition to the appellant's request. RFR File, Tab 7 at 4-10.

---

[2] The appellant eventually received a kidney transplant in 2016, two years after his removal. RFR File, Tab 1; HT at 675 (testimony of the appellant).

**ANALYSIS**

<u>The Board has jurisdiction over the appellant's request for review of the arbitrator's decision.</u>

The Board has jurisdiction to review an arbitration decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant specifically alleged in his grievance that the agency discriminated against him in violation of 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Brookens v. Department of Labor*, 120 M.S.P.R. 678, ¶ 4 (2014); 5 C.F.R. § 1201.155(a)(1). Each of these elements has been satisfied in this case. First, the subject matter of the grievance, a removal under chapter 75, Title 5 of the United States Code, falls within the scope of the Board's jurisdiction. 5 U.S.C. § 7512. Second, the appellant raised before the arbitrator an allegation of disability discrimination—that the agency failed to provide him reasonable accommodation. RFR File, Tab 1 at 7-8. Third, the final decision of the arbitrator has been issued in this case. *Id.* at 18-41. We therefore find that we have jurisdiction to review the arbitrator's decision.

<u>The record does not establish that the arbitrator erred in interpreting civil service law, rule, or regulation in his adjudication of the appellant's removal.</u>

The standard of the Board's review of an arbitration decision is narrow; such awards are entitled to a greater degree of deference than initial decisions issued by the Board's administrative judges. *Keller v. Department of the Army*, 113 M.S.P.R. 557, ¶ 6 (2010). The Board will modify or set aside an arbitration decision only when the arbitrator has erred as a matter of law in interpreting a civil service law, rule, or regulation. *Id.; De Bow v. Department of the Air Force*, 97 M.S.P.R. 5, ¶ 5 (2004). Absent legal error, the Board cannot substitute its conclusions for those of the arbitrator, even if it would disagree with the arbitrator's decision. *De Bow,* 97 M.S.P.R. 5, ¶ 5; *see Jones v. Department of the Treasury*, 93 M.S.P.R. 494, ¶ 8 (2003) (finding that an arbitrator's factual

determinations are entitled to deference unless the arbitrator erred in his legal analysis by, for example, misallocating the burdens of proof or employing the wrong analytical framework).

Here, as noted, in his request for review, the appellant does not challenge the arbitrator's findings regarding the merits of the charges, or his findings that a nexus exists between the sustained charges and the efficiency of the service, and that removal is a reasonable penalty for those charges. RFR File, Tab 1. In the absence of any such challenge, we discern no basis on which to disturb these findings. *McCurn v. Department of Defense*, 119 M.S.P.R. 226, ¶ 15 n.7 (2013).

We defer to the arbitrator's conclusion that the appellant failed to establish his claim of failure to accommodate his disability.

In his request for review, the appellant argues that the arbitrator erred in finding that he did not establish his allegation of disability discrimination.[3] Specifically, the appellant asserts that the arbitrator employed the wrong standard in analyzing his claim of denial of reasonable accommodation.[4] RFR File, Tab 1 at 12-16. According to the appellant, the arbitrator failed to analyze whether the agency's continued accommodation of the appellant with full-time telework would constitute an undue hardship. *Id.* at 14.

As noted, the arbitrator found, and it is undisputed, that the agency granted the appellant's initial request for full-time telework for 6 months and then twice

---

[3] The arbitrator did not specifically find that the appellant was, during the time in question, disabled by kidney disease, or that he was a qualified individual with a disability, that is, that he could, with or without reasonable accommodation, perform the "essential functions" of his position. *Paris v. Department of the Treasury*, 104 M.S.P.R. 331, ¶ 11 (2006). However, the fact that the arbitrator addressed and made a finding on the issue of whether the appellant established that he was denied reasonable accommodation makes it clear that that finding subsumed the others.

[4] In this regard, the appellant argues that the arbitrator should have analyzed his claim consistent with the standard set forth in an initial decision issued by a Board administrative judge. RFR File, Tab 1 at 12. However, initial decisions lack precedential value. *Gregory v. Department of the Army*, 114 M.S.P.R. 607, ¶ 27 (2010).

extended the accommodation.[5]  *Id.* at 38.  The arbitrator further found that the agency's decision not to allow further full-time telework was due to the fact that the appellant requested reasonable accommodation because of his inability to travel, but that travel was an essential duty of his position which, therefore, could not be restructured without causing undue hardship to the agency's operations and that there were no vacant positions to which he could be reassigned because all Project Officer positions required substantial travel.  *Id.* at 34, 38-39.  To the extent the appellant suggests that, because the agency previously granted him the reasonable accommodation of full-time telework, it is compelled to continue doing so, he has provided no support for this contention.  Given our narrow scope of review, we defer to the arbitrator's finding that the appellant did not show that the agency failed in its obligation to accommodate him and that he therefore did not prove his affirmative defense of disability discrimination.  *See Henry v. Department of Veterans Affairs*, 100 M.S.P.R. 124, ¶ 15 (2005) (stating that the appellant bears the ultimate burden of proof on claims of unlawful discrimination).

This is the Board's final decision regarding the request for review of the arbitration decision.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[5] Each time, the agency's expectation was that the appellant would be able to return to his normal duties at the end of the 6-month period.  HT at 363-68 (testimony of the appellant's second-level supervisor and the deciding official).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.